### MOORE v. MOORE.

(Supreme Court, Appellate Division, First Department. December 23, 1910.)

CONTEMPT (§ 66*)—COMMITMENT—PROCEEDINGS TO ENFORCE—STAY—GROUNDS.

 Where, after the entry of an order committing one for contempt for refusing to comply with a judgment, he removed from the state, it is no ground for a stay of the proceedings to enforce the order that he is residing in a place injurious to his health, and desires to enjoy the comforts of his home within the state; there being nothing to prevent him from returning except his refusal to comply with the judgment.

 [Ed. Note.—For other cases, see Contempt, Dec. Dig. § 66.*]

Action by Gertrude L. Moore against Henry G. Moore. On motion for a stay. Motion denied.

See, also, 126 N. Y. Supp. 412.

Argued before INGRAHAM, P. J., and CLARKE, DOWLING, SCOTT, and MILLER, JJ.

A. Snydecker, for the motion.
M. J. O'Brien, opposed.

PER CURIAM. This is a motion to stay the plaintiff's proceeding to enforce a judgment requiring the defendant to pay to the plaintiff certain sums of money directed to be paid by a foreign judgment, and an order committing the defendant for contempt for refusing to comply with the provisions of the judgment.

It appears from the moving papers that, since the entry of this order committing the defendant for contempt, he has removed from the state of New York to the state of New Jersey; that he is there living in a place which, he says, is injurious to his health; and that he is advised by his physicians that his health is injured because of the lack of the comforts in his home in New York. The defendant is voluntarily in New Jersey to avoid complying with the jurisdiction of the courts of the state of New York, and the fact that such voluntary residence is injurious to his health is no reason why the orders and judgments of the Supreme Court of the state of New York should be treated with contempt. There is nothing to prevent the defendant from returning to New York, except his refusal to comply with the judgments of the Supreme Court of the state of New York.

It also appears that, on a motion at the Special Term to stay the proceedings, the defendant's then counsel entered into a stipulation by

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

which he was to pay $1,000 a month to a receiver appointed by this court, to be applied upon the amount adjudged due to the plaintiff, but that he has refused to comply with that stipulation, and now alleges that his counsel was not authorized to make it. He now offers to pay $333.33 a month until the decision of the appeal, but there is no reason to suppose that he would not repudiate this promise with the same alacrity as was shown regarding his past obligations.

There was no justification for the application for a stay of proceedings, and the motion is denied, with $10 costs.